UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLHA NOHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:25-cv-02098 (UNA) |
| | ) |
| ALEXANDER W. DARCHIEV, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Currently before the court is Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff's IFP Application is granted and, as explained below, the Court dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the Embassy of Russian Federation and several of its officials. *See* Compl. at 1–2. The Complaint alleges only "Soviet deportation of Ukrainians from 1929 until Stalin's death in 1953," *id.* at 4, and nothing else—the remainder of the pleading is blank, *see generally id*. Indeed, Plaintiff does not demand any relief.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) of requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented,

neither the Court nor Defendants can reasonably be expected to identify Plaintiff's claims, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Although Plaintiff has also, in the interim, submitted yet more submissions containing random blurbs of information and proposed exhibits, ostensibly intended to amend or supplement the Complaint, *see, e.g.*, Notices, ECF Nos. 3, 4, 6; Motion to Amend, ECF No. 7, these proposed additions fail to comply with Federal Rule 15(a) or D.C. Local Civil Rule 7(i) or 15(i), and to that same end, "Plaintiff's [C]omplaint is not the legal equivalent of a LEGO set, something to be recreated," at her whim and in piecemeal fashion, *see Whitman v. Dep't of Army*, No. 21-03163, 2023 WL 3844603, at *2 (D.D.C. June 5, 2023). In any event, even if these additional submissions were procedurally sound, they are nearly impossible to discern, and do not assist in making Plaintiff's intended claims any more cognizable.

Furthermore, Plaintiff has sued the Russian Embassy and its officials. But "in a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA [Foreign Sovereign Immunities Act] before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C. § 1350." *Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003) (citing *Saltany v. Reagan*, 886 F.2d 438, 440–41 (D.C. Cir. 1989)). The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989), and provides that a foreign state is immune from the jurisdiction of the United States courts unless an exception applies, *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at

the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of a FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted), *rev'd on other grounds*, *Fed. Rep. of Germany v. Philipp*, 141 S.Ct. 703 (2021). Notably, embassies qualify as a "foreign state" under the FSIA, *see* 28 U.S.C. § 1608(a); *Jouanny v. Embassy of France in the United States*, 220 F. Supp. 3d 34, 38-39 (D.D.C. 2016) (citing *Howe v. Embassy of Italy*, 68 F. Supp. 3d 26, 32–33 (D.D.C. 2014) (collecting cases)), and individual defendants sued in their official capacities as an officer of a foreign state are also "entitled to the same sovereign-immunity protections under the FSIA that are afforded to the foreign state," *Nikbin v. Islamic Republic of Iran*, 517 F. Supp. 2d 416, 430 (D.D.C. 2007) (citing *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1023, 1030 (D.C. Cir. 1997); *El–Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 671 (D.C. Cir. 1996); *Belhas v. Ya'Alon*, 466 F. Supp. 2d 127, 130–31 (D.D.C. 2006); 28 U.S.C. § 1608(a)).

Plaintiff broadly contends that Defendants are not entitled to immunity, *see* Notice, ECF No. 6, but she fails to cite to a particular exception, instead sprinkling her submissions with vague passing references to other nations, international organizations, laws, and treaties, *see, e.g.*, Notices, ECF Nos. 3, 4, and "war crimes," *see, e.g.*, Notice, ECF No. 6; Compl. Exhibit, ECF No. 1-1. In referencing international law, insofar as Plaintiff may be referring the "expropriation exception," *see* 28 U.S.C. § 1605(a)(3), she has failed to draw any commercial nexus between Defendants' alleged actions and the United States. And insofar as Plaintiff attempts to invoke the "terrorism exception," 28 U.S.C.A. § 1605A, it is inapplicable here. Section 1605A applies only if the state was formally designated by the United States as a sponsor of terrorism at the time of the alleged act of terrorism, or if it was later designated as a sponsor because of the relevant act(s). *See* 28 U.S.C.A. § 1605A(2); *Singh v. Commonwealth of Australia*, 521 F. Supp. 2d 91, 92–93

(D.D.C. 2007). Russia has not been designated by the United States as a state sponsor of terrorism at the time of the alleged acts, nor is it yet so designated. *See* 50 U.S.C. App. § 2405(j); 22 U.S.C. § 2371; *see also* https://www.state.gov/state-sponsors-of-terrorism/ (list of designated state sponsors of terrorism) (last visited August 4, 2025).

Finally, Plaintiff has failed to establish standing. "Article III of the United States Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Plaintiff's Complaint and supplemental materials lack any factual allegations showing that she sustained (or is likely to sustain) an injury resulting from Defendants' alleged conduct.

For these reasons, this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Fed. R. Civ. P. 12(h)(3). Plaintiff's Motion to Amend, ECF No. 7, is denied as futile, and her Motion for Service, ECF No. 5, is denied as moot.

A separate Order accompanies this Memorandum Opinion.

Date: August 5, 2025                         _____/s/_____
                                             JIA M. COBB
                                             United States District Judge